# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAO LUO HUANG,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, ET AL.,<br><br>　　　　　Respondents. | Case No. 1:25-CV-01308 JLT EPG<br><br>ORDER RE MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 14) |

　　　Before the Court for decision is Xiau Luo Huang 's request for reconsideration (Doc. 14) of this Court 's October 23, 2025 Order (Doc. 11) denying his earlier motion for a temporary restraining order (TRO) (Doc. 2) filed in conjunction with his petition for a writ of habeas corpus (Doc. 1). As was the case with the initial round of motions filed in this case, the Court has reviewed all the papers and attachments related to the motion for reconsideration. (Docs. 11, 16, 19.) Though the Court does not agree with all the arguments raised by Petitioner therein, Petitioner has highlighted district court authorities (*see* Doc. 14 at 14) that persuade the Court to reconsider its framing of the applicable legal standard.[1]

　　　In the interest of expedience, the Court will not repeat the factual background set forth in its October 23, 2025, order. (*See* Doc. 11.) Ultimately, in that order, Court denied the initial TRO

---

[1] Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted for several reasons including "mistake," *see* Fed. R. Civ. P. 60(b)(1), which includes a mistake of law by the Court. *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022)

request, finding that Petitioner had not demonstrated entitlement to the requested form of injunctive relief – immediate release – because: (1) although Petitioner offered some evidence to suggest his removal to China is not reasonably foreseeable "*much* of that information [was] dated"; (2) on the other hand, DHS maintained Petitioner 's removal was likely to be secured in the coming weeks and indicated it had applied for travel documents, assertions that were supported generically by the declaration of the assigned Deportation Officer; (3) Petitioner had been given a generic, but accurate notice of the reasons for his re-detention; (4) Petitioner 's requests for withholding of removal and Convention Against Torture protection were previously denied; (5) and Petitioner had been afforded an informal interview pursuant to regulation, even though that interview was provided several weeks after his re-detention. (*Id*. at 8–13 (emphasis added).) Applying the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)[2], the Court concluded Petitioner had not yet met his burden.

However, as one recent decision from this District indicates, *Zadvydas* is not directly applicable to Petitioner 's circumstances.

> "[T]his case is not about ICE 's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*." *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025). As in *Nguyen*, "[t]his case is about ICE 's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." *Id.* "[T]his is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release for several years, and his 90-day removal period expired." *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025).
>
> The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner 's situation and outline the process to be followed. *Id.*; *Escalante*, 2025 WL 2206113, at *3 ("After *Zadvydas*, the immigration regulations were revised to implement administrative review procedures for ... those who are re-detained upon revocation of their supervised release." (citing 8 C.F.R. § 241.13)). In *Escalante*, the court noted that:
>
>> Section 241.13(i)(2)[,] [which is] entitled "Revocation for removal[,]" provides that "the Service may revoke an alien

---

[2] In *Zadvydas*, the Supreme Court set the "presumptively reasonable period of detention" under 8 U.S.C. § 1231(a)(6) at six months. 533 U.S. at 701. After the detention has surpassed the "presumptively reasonable" 6-month period, and "once the alien provides good reason to believe that his or her removal is not significantly likely in the reasonably foreseeable future, "the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

> 's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4)[,] which is entitled "*Service determination under 8 C.F.R. 241.13*[,]" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future [to the country to which the alien was ordered removed or] a third county, the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).
>
> *Escalante*, 2025 WL 2206113, at *3.
>
> Those regulations indicate that, when ICE revokes release to effectuate removal, "it is [ICE 's] burden to show a significant likelihood that the alien may be removed." *Escalante*, 2025 WL 2206113, at *3; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future."); *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692, at *8 (S.D. Tex. Oct. 16, 2025) ("[U]pon revocation of release, the Government bears the burden to show a significant likelihood that the alien may be removed in the reasonably foreseeable future."); *Nguyen*, 788 F. Supp. 3d at 150. As the district court in *Escalante* found, "[i]mposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications." *Escalante*, 2025 WL 2206113, at *3. Therefore, the Court must determine whether respondents have met their burden to show a changed circumstance indicating a significant likelihood of removal.

*Yan-Ling X. v. Lyons*, No. 1:25-CV-01412-KES-CDB (HC), 2025 WL 3123793, at *3–4 (E.D. Cal. Nov. 7, 2025)

As in *Yan-Ling*, Petitioner held lawful permanent resident status until he was ordered removed after he sustained criminal convictions, including for an aggravated felony. (*See* Doc. 11 at 1.) Though he was detained on two occasions (in 2011 and 2017-18) while DHS attempted to remove him to China, he was eventually released from both detentions on Orders of Supervision (OSUP) because DHS had not effected his removal. (*Id*. at 1–2.) Thus, the question presented here is not whether Petitioner has met his initial burden under *Zadvydas*, but rather whether Respondents can show a changed circumstance indicating a significant likelihood of removal.

The Notice of Revocation of Release issued to Petitioner on September 19, 2025

1 indicated:

2
3
4
5
> This letter is to inform you that your case has been reviewed and it has been determined that you will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview on account of changed circumstances in your case. ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case.

6 (Doc. 9-2 at 21.) As the Court noted in its prior order, the Deportation Officer assigned to the

7 matter indicated in his initial declaration that:

8
9
10
11
> On October 8, 2025, ICE *submitted a travel document for Petitioner*. ICE *requested that* the Chinese government issue Petitioner a passport or other suitable travel document within seven days. The Chinese government has recently been fulfilling travel document requests within forty-five to sixty days, but sometimes less.

12 (Doc. 9-1, ¶ 23 (emphasis added).) This statement, without equivocation, suggested that a travel

13 document had been requested from the Chinese government. Even at that time, the Court noted

14 that ICE had not, "pointed to specific information suggesting rates of travel document issuance

15 from China in recent weeks or months, whether and at what rates any such documents have been

16 issued to Chinese nationals with criminal records, and/or how quickly those documents were

17 produced." (Doc. 11 at 12.)

18 As part of the opposition to the motion for reconsideration, Respondents have submitted

19 an updated declaration from the assigned Deportation Officer designed in part to "clarify" his

20 prior declaration because it "may have inadvertently implied that, on October 8, 2025, I submitted

21 the travel document request directly to the Chinese government." (Doc. 16-1 at para 6.) He now

22 declares that on October 8, 2025, he "prepared a travel document request" and submitted that

23 request to ICE's designated point of contact within the Enforcement and Removal Operations

24 Office in San Francisco, which "is locally responsible for reviewing and approving travel

25 document requests" before they are submitted to the Removal and International Operations (RIO)

26 division at ERO Headquarters for further approval and processing. (Doc. 16-1 at ¶ 6.) On October

27 31, 2025, ERO San Francisco submitted the locally approved travel document request to RIO.

28 (*Id.*, ¶ 7.) On November 10, 2025, RIO further approved the travel document request, and on

1   November 13, 2025, RIO submitted a nationality verification request, as part of the travel

2   document request, to the National Immigration Administration (NIA) in Beijing, China. (*Id.*,

3   ¶¶ 7–8.) According to the Deportation Officer, nationality verification usually takes a minimum

4   of 30 days, and the verification request for Petitioner remains pending. (*Id.* at ¶ 9.) ICE

5   anticipates that we will receive the confirmed nationality verification for Petitioner from China on

6   or shortly after December 13, 2025. (*Id.*) Once the NIA verifies Petitioner 's nationality, the

7   Deportation Officer anticipates that RIO will promptly submit the verified travel document

8   request to the Chinese Embassy in Washington, D.C., who typically issues a travel document

9   within 7-10 days of receiving the verified travel document request. (*Id.*, ¶ 10.) Accordingly, ICE

10  anticipates that we will receive a travel document to remove Petitioner to China on or shortly

11  after December 20, 2025. (*Id.*)

12       These details, viewed alongside the adjusted standard of decision, suggest that

13  Respondents may be unable to demonstrate that changed circumstances justified petitioner 's re-

14  detention (or justify continued detention). Though the assigned Deportation Officer continues to

15  maintain that the "Chinese government has recently been fulfilling travel document requests

16  within forty-five to sixty days, but sometimes less," Respondents have yet to explain why those

17  documents will issue on this timeline <u>for this Petitioner</u>. Thus, the Court **ORDERS**:

18       1.   No later than December 23, 2025, Respondents **SHALL** show cause why

19  Respondent should not be granted some form of immediate relief. Respondents are specifically

20  directed to address why they believe the Chinese government will issue travel documents for

21  Petitioner now, given his criminal history and prior, unsuccessful attempts deport <u>him</u> to China.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

2. Given the fact that Petitioner may be receiving a custody review on December 17, 2025 (*see* Doc. 9-2 at 24) and considering the updated timeline for the issuance of travel documents set forth in the Deportation Officer's declaration, facts on the ground may either prove or undermine Respondents' prior assertions regarding the likelihood of removability. Respondents **SHALL also** provide detailed, updated information about the progress of any application for Petitioners travel documents.

IT IS SO ORDERED.

Dated:   **December 15, 2025**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE

6